NESBITT, Judge.
This is an appeal from an order denying temporary injunctive relief in a service and trade mark infringement case. We reverse.
Both corporations are involved in the business of providing medical services in the same general vicinity of Hialeah. Both centers cater to a Spanish-speaking clientele; in fact, “clínica” in Spanish means “medical center.” It was established that Palmetto Medical Center spends approximately $550,000 per year in advertising; Palmetto Clinic Center, $10,000.
Palmetto Medical Center first commenced operations in Hialeah and actually began using the name Palmetto Medical Center in late 1983. The prior owner of the Palmetto Medical Center registered the service mark, Palmetto Medical Center; the date of first use of the name under its registration was May 1, 1984. The on-going business, along with its trade name and service mark, was purchased by the appellant in October 1984. Between 1984 and 1987, Palmetto Medical Center opened twelve medical centers in Dade County, four in Hialeah.
For its part, Palmetto Clinic Center was incorporated on March 14, 1984. However, it did not commence operations from its only clinic, located in Hialeah, until August 1984. Palmetto Clinic Center has never obtained registration for its name.
After a hearing on Palmetto Medical Center’s claim for injunctive and other relief, the trial court expressly found:
The names used by plaintiff and defendant are similar, probably causing some customer confusion. Although there was no actual confusion of customers, such confusion is likely.
The trial court then refused to grant the requested injunctive relief.
Palmetto Medical Center now appeals claiming that it is entitled to a temporary injunction prohibiting its competitor from using the name Palmetto Clinic Center because the similarity of the two companies’ names bears the likelihood of customer confusion and results in trade and service mark infringement, unfair competition, and dilution of trade name. Appellant claims that both statutory and common law support its claim for relief. We agree.
Since Palmetto Medical Center first established prior use of the trade name and spent considerable resources in keeping its name before the public, it was entitled to a temporary injunction under the common law. Marks v. Cayo Hueso, Ltd., 437 -So.2d 775 (Fla. 3d DCA 1983). Moreover, Palmetto Medical Center procured statutory protection of its service mark by registering its trade name with the secretary of state. This registration constitutes “pri-ma facie evidence of the validity of the registration, registrant’s ownership of the mark, and of registrant’s exclusive right to use the mark in this state in connection with the ... services specified in the certificate.” § 495.061(2), Fla. Stat. (1987). Finally, even though the anti-dilution statute, section 495.151, Florida Statutes (1987), eliminated the need to inquire into the territorial scope of the competing business to determine whether customer confusion is present, Tio Pepe, Inc. v. El Tio Pepe de Miami Restaurant, Inc., 523 So.2d 1158, 1160 (Fla. 3d DCA), review denied, 534 So.2d 399 (Fla.1988); accord Safeway Stores, Inc. v. Safeway Discount Drugs, Inc., 675 F.2d 1160, 1167-68 (11th Cir. 1982), it is significant that the trial judge found a likelihood of confusion.
Consequently, the appellant was plainly entitled to the protection of the temporary injunction as a matter of law.
For the foregoing reasons, the order denying the motion for a temporary injunction is reversed with directions to grant the motion.